# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Vandevender, | Civil No. 18-607 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Captain Walter Sass; Lieutenant Sammy Burch; Sergeants Chris White and Trevor Sass; Correctional Officers DuWayne Dahl and Joshua Burdine, in their individual capacities; Rick Bibeau and other Unknown Employee of MN Correctional Facility Indus., d/b/a Minncor Industries, in their individual capacities, | |
| Defendants. | |

Phillip F. Fishman, Esq., and Rachel Petersen, Esq., counsel for Plaintiff.

Kathryn Iverson Landrum, Assistant Attorney General, Office of the Attorney General State of Minnesota, counsel for Defendants.

## INTRODUCTION

Plaintiff James Vandevender sued several employees of the state correctional facility located in Rush City, Minnesota, alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment arising out of an attack he endured by another inmate at the facility. This matter is before the Court on Defendants' motion to dismiss. For the reasons discussed below, the Court grants Defendants' motion.

## BACKGROUND

James Vandevender is a former inmate in Minnesota Department of Corrections' Rush City facility for adult offenders. (Doc. No. 12 ("Am. Compl.") ¶ 6.) On June 8, 2012, another inmate, Mark Latimer, struck Vandevender six times in the back of the head and shoulder area with a 4x4 wooden board. (*Id.* ¶ 26.) At the time of the assault, Vandevender was sitting at a table working in the North Industry area of the prison. (*Id.*) Latimer obtained a wooden board from an open, unsecured shelf. (*Id.*) Vandevender alleges that prison video footage, which was not submitted to the court, shows Latimer "strolling in a leisurely pace," carrying the wooden board for several hundred feet, before attacking Vandevender with it. (*Id.* ¶¶ 26–27.) Vandevender suffered extremely severe injuries, including a skull fracture and a traumatic brain injury, which will require life-long care and treatment. (*Id.* ¶¶ 26, 28.) Latimer was convicted on June 22, 2015 of attempted murder and assault in connection with his attack of Vandevender, and is now serving a life sentence at another prison facility. (*Id.* ¶ 29.)

Vandevender alleges that a "stream of violence" existed in Minnesota prison facilities prior to his assault. (*Id.* ¶ 24.) Several hundred inmates were assaulted—and more than 20 with weapons—in the state's prisons during both 2011 and 2012. (*Id.* ¶ 17.) Vandevender alleges upon information and belief that "a year or two" before his assault, another inmate was attacked by a different assailant in a different working area of the Rush City prison with the wooden handle of a pitchfork. (*Id.* ¶ 22.)

The Minnesota Department of Corrections has a "Tool Control" policy, for which the stated purpose is "[t]o provide access to inventory controlled items and for the safe disposal of contraband items in a manner so that offenders cannot gain access to them." (*Id.* ¶ 19.) The policy defines "Controlled items" as "any . . . item that maybe [sic] dangerous if misused or any item requiring additional control for safety and security reasons." (*Id.*) The policy further states that all employees having controlled items in their work area are "responsible to maintain and [sic] inventory of those controlled items." (*Id.*) Another provision of the policy requires that tools be kept under observation when in use and secured when not in use. (*Id.* ¶ 20.)

Notwithstanding these tool control policies, numerous 4x4 wooden boards were stored for months in an open, unsecure low level shelf in the North Industry area where inmates could see and access them. (*Id.* ¶ 25.) Vandevender alleges upon information and belief that inmates who worked in the woodworking industry area were told repeatedly by the Defendants to store the boards on the unsecured shelf. (*Id.* ¶ 21.) Vandevender also alleges upon information and belief that an inmate at some point prior to the day of the assault complained to correctional officers that an open pile of wood was a threat to the health and safety of the inmate population, but was told it was not his business. (*Id.* ¶ 23.) Following the assault on Vandevender, a Discipline Officer at Rush City referred to the wooden board as a "weapon" in speaking with the Chisago County Attorney. (*Id.* ¶ 18.)

On April 18, 2018, Vandevender filed an amended complaint under 42 U.S.C. § 1983, alleging that seven employees of the Department of Corrections (collectively,

3

"Defendants") failed to prevent the attack, thereby violating Vandevender's Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶¶ 30-36.)[1] Four defendants – Chris White, Trevor Sass, DuWayne Dahl and Joshua Burdine – were officers assigned to the North Industry area on the day of the assault. (*Id.* ¶¶ 10-12.) Vandevender does not allege that the other three defendants – Walter Sass, Sammy Burch, and Rick Bibeau (the "Supervisory Defendants") – were or should have been present when the assault occurred, but that they failed as supervisors to prevent such an attack. (*Id.* ¶¶ 8-9, 13.) Defendants now move to dismiss the Amended Complaint in its entirety.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced

---

[1] Vandevender's Amended Complaint also brought a common-law claim for negligence, but his counsel waived this claim at oral argument and conceded that it is barred by Minn. Stat. § 3.738. The Court therefore only considers Vandevender's Section 1983 claim.

by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Qualified Immunity

Defendants assert that they are entitled to qualified immunity, because, they claim, Vandevender has not alleged facts sufficient to support a clearly established Eighth Amendment violation. Dismissal under Rule 12(b)(6) is appropriate if Defendants "are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642-45 (8th Cir. 2017) (affirming dismissal under Rule 12(b)(6) where plaintiff "fail[ed] to state a plausible claim for an Eighth Amendment violation").

The doctrine of qualified immunity protects state actors from civil liability when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The defense provides "ample room for mistaken judgments" as it protects "all

but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986). To overcome the defense of qualified immunity, a plaintiff must show that: (1) the facts alleged in the complaint demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citation omitted). The Court has discretion to decide which qualified immunity prong to consider first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### A. Deprivation of a Constitutional Right

The Court first considers whether the facts alleged in the Amended Complaint demonstrate that Defendants' actions deprived Vandevender of a constitutional right. Vandevender argues that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by failing to protect him from Latimer's attack. (Doc. No. 23 ("Pl.'s Mem.") at 5-6.) A plaintiff alleging a violation of his Eighth Amendment rights based on an inmate-on-inmate attack must show that: (1) he faced a "substantial risk of harm," and (2) Defendants were "deliberately indifferent to that risk." *Jones v. Wallace*, 641 F. App'x 665, 666 (8th Cir. 2016).

The United States Supreme Court has indicated that the "deliberate indifference" necessary to support an Eighth Amendment claim requires a "showing that the official was subjectively aware of the risk." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

> A prison official violates the Eighth Amendment only when two requirements are met. First the deprivation alleged must be, objectively, "sufficiently serious". . . . The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual

6

> Punishments Clause, a prison official must have a "sufficiently culpable
> state of mind." In prison-conditions cases that state of mind is one of
> "deliberate indifference to inmate health or safety."

*Id.* at 834 (internal citations omitted). This requires "a state of mind more blameworthy than negligence"—that is, "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id.* at 835 (quoting *Whitney v. Albers*, 475 U.S. 312, 319 (1986)).

Vandevender contends that Defendants were aware of the risk that the unsecured wooden boards presented and failed to mitigate that risk. Vandevender first argues that the Defendants were subjectively aware of the risk because the wooden boards were stored for several months in an unsecured, unguarded location in the North Industry work area where inmates were allowed significant freedom of movement. (Am. Compl. ¶ 25.) Vandevender also alleges that another inmate was attacked with a pitchfork on a different occasion and the Defendants, specifically Defendant Bibeau, received complaints about the unsecured wooden boards. (Pl.'s Mem. at 3; Am. Compl. ¶¶ 22-23.)[2] There are no allegations in the Amended Complaint, however, that Vandevender was the recipient of any threats or that the wooden boards had been used as weapons. *See King v. Dingle*, 702 F. Supp. 2d 1049, 1073 (D. Minn. 2010) (involving an inmate-on-inmate attack and finding that "[Plaintiff] has not alleged . . . that [Plaintiff] told [Defendant], or anyone else, that he was at risk of violence at the hands of [his attacker]"; *cf. Goka v. Bobbit*, 862

---

[2] Vandevender makes the pitchfork-attack allegations on information and belief. Pleading "on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim." *Kampschroer v. Anoka Cty.*, 57 F. Supp. 3d 1124, 1143 (D. Minn. 2014).

7

F.2d 646, 650-52 (7th Cir. 1988) (finding deliberate indifference where inmate was attacked with broom handle, inmate-victim was recipient of specific threats, and broom handles were used as weapons in thirteen incidents in the preceding two years). Moreover, Vandevender concedes in the Amended Complaint that the inmates who were assigned to work detail in the North Industry work area needed access to the wooden boards for their work. (Am. Compl. ¶ 21.)

Vandevender also argues that Defendants' mere violation of the "Tool Control" policy is sufficient to show deliberate indifference. The Court disagrees. The Supreme Court rejected "an objective test for deliberate indifference," holding instead that a prison official cannot be liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A plaintiff must establish "subjective recklessness as used in the criminal law." *Id.* at 839. The Supreme Court noted that under this "requirement of subjective culpability," it is "not enough merely to find that a reasonable person would have known, or that the defendant should have known" of the risk. *Id.* at 843 n.8. Finally, a reasonable response by a prison official will shield the official from liability even when the official is subjectively aware of the risk and the harm posed by that risk comes to fruition. *Id.* at 844-45. In short, a prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Here, even if the Defendants were aware of

8

a "Tool Control" policy violation, that does not mean that they were aware of a "substantial risk of harm" flowing from that violation.  At most, it indicates that Defendants should have known of a risk, which does not satisfy the subjective-culpability requirement.  *Id.* at 843 n.8; *see also Kulkay*, 847 F.3d at 645 ("The mere existence of state and federal safety regulations does not charge prison officials with knowledge of potentially unsafe conditions in their facility.").

The facts alleged by Vandevender, accepted as true, do not plausibly show that Defendants were subjectively aware of a substantial risk posed by the wooden boards.  Because Vandevender has failed to satisfy the deliberate-indifference prong, his claim that Defendants violated his Eighth Amendment rights fails.

    **B.**    **Clearly Established**

Even accepting as true all the allegations in the Amended Complaint, and even construing all reasonable inferences from those facts in the light most favorable to Vandevender, Defendants did not violate Vandevender's constitutional rights.  The Court therefore does not need to address the "clearly established" prong of the qualified immunity test.  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (affirming "that lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first" and cautioning courts to not expend "scarce judicial resources" on addressing issues that "will have no effect on the outcome of the case") (internal quotation marks and citation omitted); *Kulkay*, 847 F.3d at 642 ("Because an official is entitled to qualified immunity unless both prongs are satisfied, our analysis will end if either of the two is not met.").

Based on the foregoing, the Court concludes that Defendants are entitled to qualified immunity on the Section 1983 claim.[3]

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. [16]) is **GRANTED** and Plaintiff's Amended Complaint (Doc. No [13]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 4, 2018         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

---

[3] Because the Court resolves Defendants' motion to dismiss on the issue of qualified immunity, the Court does not reach the issue of personal liability for the Supervisory Defendants. If the Court were to reach the issue, it would conclude that the Section 1983 claim against the Supervisory Defendants must be dismissed because Vandevender has failed to allege any plausible facts showing that the Supervisory Defendants were directly involved in any decision or conduct leading to Vandevender's injury. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (requiring "specific facts of personal involvement in, or direct responsibility for, a deprivation of [a plaintiff's] constitutional rights").