United States Court of Appeals
For the Eighth Circuit
_____

No. 19-1230
_____

James Vandevender

*Plaintiff - Appellant*

v.

Captain Walter Sass, et al., in their individual capacities

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 12, 2020
Filed: July 31, 2020
_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

     Minnesota inmate James Vandevender was assaulted by another inmate using a 4x4 wooden board at the correctional facility in Rush City ("MCF-Rush City"). Vandevender suffered head injuries that require life-long medical treatment and has developed a seizure disorder. His assailant, Mark Latimer, was convicted of attempted murder and assault and is serving a life sentence. Vandevender filed this 42 U.S.C. § 1983 damage action against seven MCF-Rush City employees, alleging

Appellate Case: 19-1230     Page: 1     Date Filed: 07/31/2020 Entry ID: 4940411

that each violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from a substantial risk of serious harm. Defendants moved to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The district court[1] granted the motion, concluding that Vandevender failed to plausibly allege a deprivation of a constitutional right and defendants were therefore entitled to qualified immunity. Vandevender appeals. We review the Rule 12(b)(6) dismissal *de novo*, accept factual allegations in the Amended Complaint as true, and construe those allegations in the light most favorable to Vandevender. See Kulkay v. Roy, 847 F.3d 637, 641 (8th Cir. 2017) (standard of review). We affirm.

## I.

On appeal, Vandevender first argues the district court erred in granting defendants' Rule 12(b)(6) motion to dismiss because qualified immunity is an affirmative defense that is fact-dependent and typically requires discovery. This contention is without merit. Qualified immunity is an immunity from suit, not a mere defense to liability. Therefore, the Supreme Court has repeatedly stressed the importance of resolving this issue "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991), and cases cited. Numerous Eighth Circuit cases have held that defendants are entitled to dismissal under Rule 12(b)(6) if they show "they are entitled to qualified immunity on the face of the complaint." Kulkay, 847 F.3d at 642 (quotation omitted). To survive a motion to dismiss for failure to state a claim, Vandevender's Amended Complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted), a case in which the Supreme Court reversed the denial of a Rule 12(b)(6) motion based on qualified immunity. The district court applied that standard; we must affirm if it was correctly applied.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

-2-

Appellate Case: 19-1230    Page: 2    Date Filed: 07/31/2020 Entry ID: 4940411

## II.

Qualified immunity shields government officials performing discretionary functions from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Defendants are entitled to qualified immunity unless Vandevender has plausibly stated both (i) a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment, and (ii) that the right was clearly established at the time of the alleged violation. See Kulkay, 847 F.3d at 642. Because we agree with the district court that Vandevender did not plausibly allege an Eighth Amendment violation, we need not address the clearly established requirement.

A prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998) (quotation omitted). This claim has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk. Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). As prisons are inherently dangerous environments, "[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. If Vandevender failed to plausibly allege a substantial risk of serious harm, as we conclude, then the Amended Complaint fails to state a claim. See Berry v. Sherman, 365 F.3d 631, 635

(8th Cir. 2004). In such a case, there is no need to consider the subjective issue of defendants' deliberate indifference.[2]

Most of our prior failure-to-protect cases arising out of an inmate-on-inmate assault have involved an attacker who was known to be a volatile, dangerous man, see Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007); Newman v. Holmes, 122 F.3d 650, 651 (8th Cir. 1997); or who previously threatened or fought with the victim, see Everett, 140 F.3d at 1151; Prater v. Dahm, 89 F.3d 538, 540 (8th Cir. 1996); Jones v. Wallace, 641 F. App'x 665, 666 (8th Cir. 2016); or a victim who should have been better protected because of known prior inmate threats, see Pagels v. Morrison, 335 F.3d 736, 739 (8th Cir. 2003). In these cases, because of the violent nature of inmate assaults, the substantial risk of serious harm was obvious, and defendants' liability turned on the subjective issue of deliberate indifference (unless the victim had denied or not disclosed the prior threat or altercation to prison officials).

This case is different. The Amended Complaint does *not* allege (i) that Vandevender had previously been threatened by Latimer or by any other MCF-Rush City inmate; (ii) that Latimer was known to be a violent, volatile inmate; (iii) that Vandevender and Latimer had previously argued or fought, been cellmates at any time, or even knew each other; or (iv) that either Vandevender or Latimer had recently been in protective custody or in a restrictive status such as administrative segregation. Viewed from this perspective, Vandevender was the unfortunate victim of a surprise attack by a fellow inmate. In numerous cases, we have upheld the grant of qualified immunity from § 1983 damage claims to prison officials who allegedly failed to protect an inmate from another inmate's surprise attack. See Curry, 226 F.3d at 978-79 (collecting cases), and Tucker v. Evans, 276 F.3d 999 (8th Cir. 2002).

---

[2]Limiting the opinion in this manner should not be read as implying that we disagree with the conclusion in Judge Kelly's concurring opinion that Vandevender did not sufficiently plead facts showing deliberate indifference.

Appellate Case: 19-1230    Page: 4    Date Filed: 07/31/2020 Entry ID: 4940411

"[B]ecause prisons are dangerous places, housing the most aggressive among us and placing violent people in close quarters, . . . prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another." Everett, 140 F.3d at 1152 (cleaned up).

Vandevender's claim is that each defendant was deliberately indifferent to a general condition of confinement that posed an obvious substantial risk of serious harm to all MCF-Rush City inmates -- allowing inmates unsupervised access to wooden boards that could be used as weapons and were stored in open, unsecured shelves in the North Industry area, contrary to the Facility's "pertinent tool control directives and policies." We have recognized that "there may be circumstances in which a risk is so obvious or well-documented that a factfinder may conclude a prison official was aware of it." Prater, 89 F.3d at 542 n.2; see Farmer, 511 U.S. at 840. In those circumstances, our surprise attack precedents will not be controlling.

The Supreme Court in Farmer did not address "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." 511 U.S. at 834 n.3. Our cases both before and after Farmer have addressed the question. To establish defendants' deliberate indifference in failing to protect from assault by another inmate, Vandevender "must show that he was faced with a pervasive risk of harm and that the prison officials failed to respond reasonably to that risk." Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (quotation omitted); see Smith v. Gray, 259 F.3d 933, 934 (8th Cir. 2001). More specifically:

> a "pervasive risk of harm" may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution. It is enough that violence and sexual assaults occur with sufficient frequency that prisoners are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures.

-5-

Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (cleaned up). This standard has been adopted by other circuits. See Shrader v. White, 761 F.2d 975, 978 (4th Cir. 1985). To our knowledge, no case has held that it is an improper interpretation of the general standard in Farmer, "substantial risk of serious harm." Indeed, the pervasive risk standard is consistent with the Court's statement in Farmer that a failure-to-protect plaintiff must show that prison officials "knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." 511 U.S. at 846. Thus, an issue on this appeal is whether Vandevender's Amended Complaint plausibly alleged that he and other MCF-Rush City inmates faced a pervasive risk of harm from assaults by other inmates using the stored wooden boards as a weapon.

The Amended Complaint contains no plausible allegation that Latimer's unprovoked assault on Vandevender was anything other than a single isolated incident. There is no allegation of any other inmate-on-inmate assault using the wooden boards as a weapon. Indeed, there is no allegation that tools in the North Industry area have been improperly used as assault weapons and, if so, the prevalence of those incidents. The allegation of a prior, isolated inmate-on-inmate assault with a pitchfork handle in a different area of MCF-Rush City does not establish that boards used in the North Industry area posed a pervasive risk of inmate-on-inmate assaults. Thus, this is not a case where multiple assaults using identical tools as weapons preceded the assault at issue, making prison officials' knowledge of the risk obvious. See Goka v. Bobbitt, 862 F.2d 646, 652 (7th Cir. 1988). The allegation that inmate-on-inmate violence is pervasive in the Minnesota Department of Corrections system generally does not support the existence of the pervasive risk alleged in this case.[3] The allegation that one inmate told one or more unnamed prison officials that the unsecured boards posed a safety risk does not create a plausible inference that inmate

---

[3]This allegation is followed by an excerpt from the MDOC's Annual Performance Report for fiscal years 2011 and 2012 detailing the type and total number of assaults in the entire state correctional system.

Appellate Case: 19-1230    Page: 6    Date Filed: 07/31/2020 Entry ID: 4940411

assaults with the boards occurred with sufficient frequency to put MCF-Rush City inmates in reasonable fear for their safety.

The Amended Complaint alleges that MDOC has a tool control policy requiring tools to be secured when not in use. But this does not plausibly allege that the way MCF-Rush City stored wooden construction materials created a pervasive risk of harm from inmate assaults. We have repeatedly held that violations of prison policy or regulations alone are not enough to establish deliberate indifference under the Eighth Amendment. See, e.g., Jackson v. Gutzmer, 866 F.3d 969, 977 (8th Cir. 2017); Falls, 966 F.2d at 380; cf. Kulkay, 847 F.3d at 645 ("[S]afety regulations do not establish a standard for Eighth Amendment violations."). Moreover, the policies quoted in the Amended Complaint make general references to tools, controlled items, and contraband items and the need to maintain proper inventory, disposal, and storage. They do not specifically address wooden boards, the wordworking activities in the North Industry area of MCF-Rush City, or the prevalence of inmate-on-inmate assaults resulting from policy non-compliance.

The Amended Complaint alleged that inmates working in the North Industry area need access to the wooden boards to brace wooden pallets. Inmates bent on assaulting other inmates will use even the most harmless objects as weapons. See Shrader, 761 F.2d at 982. Given the wooden boards' legitimate use in the North Industry area, absent specific allegations of enough similar prior assaults to create an inference of a pervasive risk, Vandevender's Amended Complaint alleges no more than a surprise inmate-on-inmate attack. See Beaton v. Tennis, 460 F. App'x 111, 114-15 (3d Cir. 2012) (unpublished) (affirming dismissal of § 1983 claim that prison employees failed to protect plaintiff from an assault with a padlock provided to inmates to secure their belongings, a type of assault that only occurred one or two times per year). Although the outcome was tragic, and an assault with this weapon was, in hindsight, no doubt avoidable, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation,

-7-

Appellate Case: 19-1230    Page: 7    Date Filed: 07/31/2020 Entry ID: 4940411

cannot under our cases be condemned as the infliction of [Eighth Amendment] punishment." Farmer, 511 U.S. at 838.

Finally, Vandevender argues that the district court erred in dismissing his damage claims before discovery could be conducted. However, to avoid dismissal for failure to state a claim, he must plausibly allege failure to protect from a pervasive risk of serious harm as defined in our cases, for example, by alleging prior incidents where unsecured tools or implements that serve a useful purpose have been used as weapons for inmate-on-inmate assaults, or previous inmate requests for protection from the risk of inmate assaults that prison officials ignored. Cf. Goka, 862 F.2d at 652; Shrader, 761 F.2d at 982.

For these reasons, the judgment of the district court is affirmed. We deny Vandevender's Motion to Supplement the Record on Appeal. Such motions are not favored and in any event the proffered new evidence would not cure Vandevender's failure to plead a plausible claim.

KELLY, Circuit Judge, concurring in the judgment.

I agree that the district court properly dismissed Vandevender's complaint because he failed to sufficiently plead a deprivation of a constitutional right. I write separately, however, because I would decide the case on whether the defendant prison officials were deliberately indifferent, like the district court did, and not on whether Vandevender plausibly alleged a substantial risk of serious harm. "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007). Mere negligence or inadvertence is not deliberate indifference. Kulkay v. Roy, 847 F.3d 637, 643 (8th Cir. 2017). Based on our precedent, Vandevender has not sufficiently pleaded facts showing the officials were actually aware of the allegedly substantial risk posed by unguarded and unsecured 4x4 wooden boards or that the officials

-8-

Appellate Case: 19-1230   Page: 8   Date Filed: 07/31/2020 Entry ID: 4940411

disregarded that risk.  <u>See id.</u>  Our caselaw may set the bar too high for the typical inmate to sufficiently plead prison officials were deliberately indifferent to a substantial risk of serious harm in a case like this one.  But because we are bound by precedent, I concur in the court's judgment.

_____

Appellate Case: 19-1230     Page: 9     Date Filed: 07/31/2020 Entry ID: 4940411